```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

_____
                                    :
JOVAN CORNELIUS SIMON,              :
                                    :
         Petitioner,                :    Civ. No. 21-0489 (NLH)
                                    :
    v.                              :    OPINION
                                    :
THOMAS E. BERGAMI,                  :
                                    :
         Respondent.                :
_____ :

APPEARANCES:

Jovan Cornelius Simon
HU4-A36
Riverside Regional Jail
500 Folar Trail
P.O. Box 1041
North Prince George, VA 23860

    Petitioner Pro se

Rachael A. Honig, Acting United States Attorney
Kristin Lynn Vassallo, Assistant United States Attorney
Office Of The U.S. Attorney
District Of New Jersey
970 Broad Street
Newark, NJ 07102

    Attorneys for Respondent

HILLMAN, District Judge

    Petitioner Jovan Cornelius Simon, a convicted and sentenced federal prisoner, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") refusal to apply earned time credits to his sentence. ECF No. 1.  He also moves for the appointment of counsel.  ECF

No. 4. Respondent asserts the petition should be dismissed as unexhausted or, in the alternative, because Petitioner is not eligible to earn the credits. ECF No. 5. For the reasons that follow, the Court will deny the motion for counsel and dismiss the petition as unexhausted.

I.  BACKGROUND

A jury convicted Petitioner of conspiracy to possess with intent to distribute a quantity of cocaine base and powder cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(C-D), 846; and being a felon in possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(2),(e). Judgment of Conviction, United States v. Simon, No. 4:12-cr-00742 (D.S.C. Apr. 25, 2014) (ECF No. 211). The trial court sentenced Petitioner to 137 months followed by a three-year term of supervised release. Id. Petitioner was later resentenced to 120 months. ECF No. 5-1 at 7. The BOP calculated Simon's sentence as commencing on April 24, 2014. Id. Respondent indicates Petitioner's projected release date is November 13, 2021. Id. at 8.

On November 30, 2020, Petitioner filed an inmate remedy to staff requesting "immediate priority application of [his] First Step Act Earned Time Credits for successful completion of qualified evidence-based recidivism reduction progress and productive activities." Id. at 14. On December 3, 2020, he submitted an Informal Resolution Form, BP-8, requesting the same

relief. Id. at 13. The counselor responded to the BP-8 form on December 11, 2020, stating "[First Step Act] Earned Time credits will be awarded by January 15, 2022." Id. Petitioner submitted a Request for Administrative Remedy, form BP-9, requesting immediate application of the earned time credits on December 11, 2020. Id. at 10. Acting Fort Dix Warden N'Diaye denied the request on February 5, 2021:

> Records reveal your classification materials were reviewed by your Unit Team on December 4, 2019. At that time, you were deemed eligible to earn FSA Earned Time credit upon completion of certain Evidenced Based Recidivism Reduction ("EBRR") programs or Productive Activities ("PA") that meet your established needs. Title 18 U.S.C. §3621(h)(2)(A) "gives the BOP two years after it completes the risk and needs assessment for each prisoner to 'phase in' the program implementation." The Bureau of Prisons has interpreted this to mean Earned Time Credits under the statute will be awarded by January 15, 2022, (two years after completing the risk and needs assessment). Therefore, you are not eligible for Earned Time Credit at this time. It should also be noted that you have not completed 240-hours (30 days) of established EBRR or PA programming to earn credit at this time. Accordingly, your request is denied.

Id. at 15.

Petitioner filed a Regional Administrative Remedy Appeal on February 9, 2021. ECF No. 7 at 21. "As of 3-9-2021, petitioner has not yet received a response from Regional Administration." Id. at 3.

Petitioner argues that he is entitled to earned time credit under the First Step Act ("FSA") under 18 U.S.C. § 3682 and Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613 (D.N.J. Aug. 25,

3

2020). Respondent asserts the petition should be dismissed for failure to exhaust or on the merits because Petitioner is not otherwise entitled to the time credits. ECF No. 5.

II. STANDARD OF REVIEW

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). The Court has jurisdiction over the Petition and venue is proper in this District pursuant to 28 U.S.C. § 2241 because Petitioner challenges the execution of his federal sentence, and he was confined in this District when the petition was filed. Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) (citing Ex parte Endo, 323 U.S. 283 (1944)); see also Gorrell v. Yost, 509 F. App'x 114, 118 (3d Cir. 2013).

III. ANALYSIS

"Congress enacted the First Step Act on December 21, 2018. The Act required the Attorney General to establish a 'risk and needs assessment system' that, among other things, would offer 'evidence-based recidivism reduction programs or productive activities' to prisoners.'" Depoister, v. Warden B. Birkholz, No. 21-CV-684, 2021 WL 3492295, at *2 (D. Minn. Aug. 9, 2021) (quoting 18 U.S.C. § 3632(a)). "Eligible prisoners who successfully participate in this programming can earn certain

4

rewards, including time credits to 'be applied toward time in prerelease custody or supervised release.'" Id. (quoting 18 U.S.C. § 3632(d)(4)(A),(C)).

Petitioner argues the BOP wrongfully refused to apply the EBRR credits:

> The [BOP] fails to apply my Earned Time Credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A). The "BOP" should have applied 185 days of Earned Time Credits to my sentence for successful completion of programs . . . .
>
> I am eligible to receive Earned Time Credits under the First Step Act. I am entitled to "Priority" treatment under 18 U.S.C. § 3621(h)(3) based on my "proximity to release date." I have been assigned a "Low" violent score, a "Medium" "General Score," resulting in an "Overall Male PATTERN Risk Level" of MEDIUM via the BOP's PATTERN Tool. Since January 15, 2020, I have completed multiple First Step Act qualified programming assignments "as directed by unit teams," accumulating 556 days of programming which serve to reduce my sentence by 185 days.

ECF No. 1 at 6-7. In particular, Petitioner objects to the BOP's position that EBRR credits do not need to be awarded to inmates before January 15, 2022 as well as its determination that he is otherwise ineligible for the credits. Id. He asserts that he would be entitled to immediate release if all of his EBRR credits were applied to his sentence. Id.

In addition to objecting on the merits of the petition, Respondent argues the petition should be dismissed because Petitioner did not exhaust the BOP's administrative remedy system. "Although there is no statutory exhaustion requirement

5

attached to § 2241, we have consistently applied an exhaustion requirement to claims brought under § 2241." Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). "We require exhaustion for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 761-62 (3d Cir. 1996).

The BOP's administrative remedy system has three tiers allowing "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a).[1] Petitioner presented his request to the Warden of Fort Dix on form BP-9, completing the first tier of review. ECF No. 5-2 at 14. Petitioner filed this petition on January 11, 2021, ECF No. 1, a month before he submitted his appeal to the BOP Regional Office on February 9, 2021. See ECF No. 7 at 21. He asserts that there was no response by March 9, 2021, id. at 3, but the Regional Office has a total of 60 days, a 30-day response time plus a 30-day extension of time, to respond to BP-

---

[1] Inmates must first "informally" request staff review. 28 C.F.R. § 542.13(a). Petitioner completed this first step. ECF No. 7 at 15.

10 appeals.  28 C.F.R. § 542.18.  In Petitioner's case, the Regional Office had until April 12, 2021 to respond.[2]  It is only after this 60-day period that "the inmate may consider the absence of a response to be a denial at that level."  Id. Petitioner did not wait 60 days from submission of his BP-10 before filing this § 2241 petition.  Moreover, Petitioner did not appeal to the National General Counsel following the Regional Office's failure to respond.  "Appeal to the General Counsel is the final administrative appeal."  28 C.F.R. § 542.15.  Petitioner did not complete this final step before filing his § 2241 petition in this Court; therefore, the petition is unexhausted.

Another court in this District determined that the question of whether the BOP must apply EBRR credits before January 15, 2022 "presents a narrow dispute of statutory construction which is exempt from the exhaustion requirement."  Goodman v. Ortiz, No. 20-7582, 2020 WL 5015613, at *2 (D.N.J. Aug. 25, 2020) (citing Coleman v. U.S. Parole Comm'n, 644 F. App'x 159, 162 (3d Cir. 2016)).  However, Petitioner's case is distinguishable from Goodman.  "In Goodman, the parties did not dispute that the inmate-petitioner had successfully participated in several PAs that met the requirements of the FSA or had earned a specific

---

[2] April 10, 2021 was a Saturday.  Fed. R. Civ. P. 6(a)(1)(C).

7

number of ETC. Instead, the court considered whether the FSA required that the ETC earned by the petitioner be applied before January 15, 2022." Rehfuss v. Spaulding, No. 1:21-CV-00677, 2021 WL 2660869, at *3 (M.D. Pa. June 29, 2021).

Here, the BOP opposes the petition on more than the effective date; it also argues Petitioner is not entitled to the credits. "Under the First Step Act, an inmate is only 'eligible' for application of earned-time credits if he has 'been determined under the [PATTERN] System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner.'" ECF No. 5 at 22 (quoting 18 U.S.C. § 3624(g)(1)(D)(i)(II)) (alteration in original). "[T]he BOP has assessed Simon as having a 'medium' risk for recidivism. Simon thus cannot seek application of alleged earned-time credits until he reduces his PATTERN score." Id. In response, Petitioner argues he was "unlawfully assessed and reassessed by the PATTERN system as having a 'medium risk of recidivism.'" ECF No. 9 at 2. Petitioner's overall eligibility for EBRR credits goes beyond the "narrow dispute" of the date by which the BOP must award credits. As such, it is not excused from the exhaustion requirement.

Failure to exhaust administrative remedies "generally bars review of a federal habeas corpus petition absent a showing of cause and prejudice ...." Moscato v. Fed. Bureau of Prisons, 98

F.3d 757, 761 (3d Cir. 1996). Petitioner has not shown any cause for failing to exhaust. The record suggests he intentionally bypassed the administrative process; the § 2241 petition was filed on January 11, 2021, before the Fort Dix Warden responded to his BP-9 on February 5, 2021 and before Petitioner submitted his appeal to the BOP Regional Office on February 9, 2021.[3]

Although Petitioner's release date is approaching, courts in this District have not excused the exhaustion requirement when the failure to exhaust was a choice. See Hayes v. Ortiz, No. 20-5268, 2020 WL 3425291, at *5 (D.N.J. June 23, 2020) ("By choosing to skip the administrative process, Petitioner has delayed any relief that was available to him."), appeal dismissed sub nom. Hayes v. Warden Fort Dix FCI, No. 20-2388, 2020 WL 7873242 (3d Cir. Oct. 7, 2020); Shoup v. Shultz, No. 09-0585, 2009 WL 1544664, at *5 (D.N.J. June 2, 2009) ("Consequently, the calamity - if any — which Petitioner might be facing is of his own making, and such hypothetical self-inflicted distress cannot serve as a basis for excusing the

---

[3] The Warden exceeded the 40-day period consisting of an initial 20 days plus a 20-day extension to respond Petitioner's BP-9. 28 C.F.R. 542.18. Petitioner could have filed his BP-10 appeal once that period expired, but not his § 2241 petition. Petitioner also does not argue that he did file a BP-11 with the General Counsel. See ECF No. 7 at 2-3 (setting forth administrative remedy actions undertaken).

exhaustion requirement."). The disputes over Petitioner's PATTERN score and number of qualifying hours, see ECF Nos. 8 & 9, would have benefitted from the BOP's initial review.

The Court will dismiss the petition as unexhausted. Thus, Petitioner's motion for the appointment of counsel shall be denied. ECF No. 4.

IV. CONCLUSION

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust. The motion for appointment of counsel shall be denied. An appropriate order will be entered.

Dated: August 27, 2021       s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.